Submitted on record and briefs December 1, 2006, sentences vacated; remanded for resentencing; otherwise affirmed February 14, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## BRADLEY MARSHALL DENHAM,
*Defendant-Appellant.*

Washington County Circuit Court
D045457M; A128945

153 P3d 133

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and David C. Degner, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

PER CURIAM

## PER CURIAM

Defendant pleaded guilty to one count of unlawful entry into a motor vehicle. ORS 164.272. At sentencing, the trial court ordered defendant to pay $820 in restitution to the vehicle's owner for damage to the vehicle's steering column. Defendant denied damaging the steering column and objected to the restitution order, but the court ruled that restitution was appropriate because it was "much more likely than not" that defendant had caused the damage.

On appeal, defendant contends that the trial court erred in ordering restitution. He argues that the factual basis for his guilty plea included only entering the vehicle intending to commit theft, but that he did not admit to damaging the vehicle. The state concedes that the restitution order was erroneous. We agree and accept the concession. *See State v. Seggerman*, 167 Or App 140, 145, 3 P3d 168 (2000) ("[A] defendant cannot be required to pay restitution for pecuniary damages arising out of criminal activity for which he was not convicted or which he did not admit having committed.").

Sentences vacated; remanded for resentencing; otherwise affirmed.